FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATHASIA S.,[1]<br><br>        Plaintiff,<br><br>  v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | No. 1:25-CV-03156-MKD<br><br>ORDER REVERSING THE<br>COMMISSIONER'S DECISION<br><br>**ECF Nos. 11, 17** |

Before the Court are the parties' briefs. ECF Nos. 11, 17. D. James Tree represents Plaintiff. Special Assistant United States Attorney Zachary Berkoff-Cane represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

Court reverses the Commissioner's decision and remands the case for additional administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Title XVI supplemental security income benefits and Title II disability insurance benefits on March 17, 2023, alleging disability beginning September 24, 2010.  Tr. 91, 159-64, 183-89.  The applications were denied initially, on January 16, 2024, and upon reconsideration, on August 21, 2024.  Tr. 127-131, 143-47; Tr. 87-90, 99-102.  Plaintiff requested a hearing on November 2, 2024, filing a statement of good cause for untimely filing.  Tr. 48-51.  On December 20, 2024, an administrative law judge (ALJ) dismissed Plaintiff's request for a hearing.  Tr. 32-36.  The Appeals Council denied review on July 22, 2025.  Tr. 1-3.  Plaintiff appealed this final decision on September 18, 2025.  ECF No. 1.

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted).  "Substantial evidence" means "relevant

ORDER - 2

evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

**DISCUSSION**

Plaintiff appeals the ALJ's decision dismissing her request for a hearing. Plaintiff argues the ALJ reversibly erred by finding Plaintiff did not timely file her request for a hearing and, alternatively, that the ALJ reversibly erred by finding Plaintiff failed to establish good cause for the untimely filing. ECF No. 11 at 2. The Court addresses each argument in turn.

**A. Timeliness**

A claimant must request a hearing before an administrative law judge within sixty days after receiving notice of the reconsideration determination. 20 C.F.R. §§ 404.933(b)(1), 416.1433(b)(1). The Commissioner presumes the claimant receives notice five days after the date on the notice, unless the claimant shows that she did not receive the notice within that period. 20 C.F.R. §§ 404.901, 416.1401. The presumption may be overcome by evidence that the claimant did not receive the notice within the five-day period.

The ALJ dismissed Plaintiff's request for hearing as untimely. Tr. 32-36. The ALJ reasoned that Plaintiff filed her request more than sixty days after the reconsideration determination and did not demonstrate a basis to excuse the delay. Tr. 35-36. The reconsideration denial was issued on August 21, 2024. Tr. 87-90, 99-102. Plaintiff is presumed to have received the notice five days later. *See* 20 C.F.R. §§ 404.901, 416.1401.

ORDER - 4

The ALJ's decision was based on the record before the ALJ and did not include additional evidence Plaintiff later submitted to the Appeals Council. *See* Tr. 14-31. After the ALJ issued the dismissal, Plaintiff submitted evidence to the Appeals Council stating that she did not receive the reconsideration denial until October 21, 2024, and explaining that her homelessness and reliance on general delivery delayed receipt of the notice. Tr. 14-15.

The ALJ did not have the opportunity to evaluate this evidence. However, the Appeals Council denied review without addressing this evidence. Tr. 1-3. That evidence is now part of the administrative record the Court considers in reviewing the Commissioner's final decision. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The additional evidence directly bears on the dispositive issue of when Plaintiff received the reconsideration notice. The record now contains competing accounts: Plaintiff's earlier statement that her appeal was late due to her search for an attorney, Tr. 48, and her later assertion that she did not receive the notice until October 21, 2024, due to homelessness and reliance on general delivery, Tr. 14-15. This evidence creates a factual conflict regarding the date of receipt.

This unresolved factual conflict is material. The timeliness inquiry turns on the date of receipt. *See* 20 C.F.R. §§ 404.933(b)(1), 416.1433(b)(1). If Plaintiff did not receive the reconsideration notice until October 21, 2024, her November

ORDER - 5

18, 2024, request for hearing may have been timely.  The agency's final decision does not resolve this factual conflict regarding the date of receipt.  Without resolving that issue, the agency could not determine whether Plaintiff's request for hearing was timely.

Because the record contains Appeals Council evidence that directly bears on the dispositive issue of the date of receipt, and the agency's final decision does not address or resolve that evidence, the Court cannot conclude that the Commissioner's decision is supported by substantial evidence.

**B. Good Cause**

Even assuming Plaintiff's request for hearing was untimely, the agency's alternative finding that Plaintiff failed to establish good cause is also legally insufficient.  The regulations permit an extension of time upon a showing of good cause and require consideration of the claimant's circumstances, including whether events beyond the claimant's control prevented timely filing.  20 C.F.R. §§ 404.911, 416.1411.  The additional evidence submitted to the Appeals Council reflects that Plaintiff was homeless during the relevant period and relied on general delivery for receipt of mail.  Plaintiff also asserted to the Appeals Council that she did not receive the reconsideration denial until October 21, 2024.  This additional evidence is directly relevant to whether circumstances beyond Plaintiff's control

ORDER - 6

contributed to any untimely filing.  The agency's final decision, however, does not reflect consideration of these circumstances.

Because the agency did not adequately evaluate the circumstances bearing on good cause, the alternative finding that Plaintiff failed to establish good cause is not supported by substantial evidence and reflects legal error.

**CONCLUSION**

Because the Commissioner's final decision is not supported by substantial evidence and reflects legal error, remand is required under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reconsider whether Plaintiff's request for hearing was timely filed, including whether Plaintiff has rebutted the presumption of receipt, and, if necessary, whether good cause exists for any untimeliness.  *See Smith v. Berryhill*, 587 U.S. 471, 488 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.") (citations omitted).  If the request for hearing is deemed timely or good cause is found, the ALJ shall conduct a hearing and issue a decision on the merits of Plaintiff's applications.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 11**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 17**, is **DENIED**.

ORDER - 7

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED May 6, 2026.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 8